Ruffin, Judge.
 

 This case comes directly within the decision in the four cases of
 
 The Justices v. Shannonhouse,
 
 
 *290
 

 (ante 2 vol. p.
 
 6,)
 
 The Justices
 
 v.
 
 Armstrong, The Justices
 
 v.
 
 Dozier,
 
 and
 
 The Justices
 
 v. Stewart, and must therefore abide the rule there laid down. It has been argued that there is a difference, because
 
 Bonner
 
 alone is sued here ; and it is said, that the objection must be pleaded in abatement, and cannot be taken on the general issue. But those cases did not turn on the fact, that some of the obligors who were justices were jointly sued, but that the same person was a co-obligor with others, and also one of the obligees
 
 ;
 
 which rendered the bond void. It is not like the cases cited of bonds by a
 
 feme covert,
 
 or a man professed and another. There the incapacity is personal,
 
 ami does
 
 not affect
 
 the
 
 obligor who is able
 
 to
 
 contract. But here the question is, whether a joint and several bond by A and B to A is good, as the bond of either. There can be no delivery to an obligee by himself ; nor by one obligor to another obligor. Tt is like the case of the same person being plaintiff and defendant. No judgment can he rendered in such a case. If it be? it is a nullity.
 
 (Pearson
 
 v.
 
 Nesbit, ante
 
 1
 
 vol.
 
 315.) That indeed was a writ of error ,* but it was one
 
 coram nobis
 
 for error in fact, not of law ? and was necessary only to identify the person of the same name, who was both plaintiff and defendant, to be the same person. If that had appeared on the record, the judgment would have been vacated, or set aside on motion as being null. There seems to bo
 
 no difference between the validity
 
 of a judgment and a bond, as affected by this objection. For if the bond would be good as to one, so would the judgment. The true reason governing both and making both void is, thatftbere must, in the nature of things, be parties to both contracts and judicial proceedings.
 

 A personal incapacity of one obligor does not affect the validity of the bond as to the others; but it is otherwise where one of them is both obligor and ob-ligee.
 

 The case of
 
 JPearsmi
 
 v.
 
 JVes-bit, (ante
 
 1
 
 vol.
 
 315.) approved by Rums, J.
 

 If this be correct,
 
 non est factum
 
 is the proper plea. There cannot be a plea in abatement, that the other ob-ligor is not sued ; for that would not be giving the plaintiffs a better writ, since the obligor not sued is one of the obligees, and he cannot sue himself. The objection is, that the instrument is
 
 void in tofo,
 
 and therefore not the deed of any of the parties. It is like the case of a joint and several obligation of two, cancelled as to one.
 
 *291
 
 by tearing off his seal. It avoids it as. to both ; Iho’ it would be different if they were severally bound.
 
 (Pigot's
 
 case, 11
 
 Co.
 
 28.) The reason is, the parties intended to have contribution. So here, it never could have been intended, that one of the persons who sealed the instrument, should alone
 
 pay to the other
 
 the money mentioned in it.
 

 And because it cannot be enforced without that construction, it must be taken to be void altogether.
 

 Per Curiam. — Judgment aeeihmed.